ADAMS AND OTHERS *v.* THE ST. JOHNSBURY & L.
C. R. R. Co., & LAMOILLE VALLEY R. R. CO.*

Dissenting opinion by

TAFT, J.   I cannot concur with my brethren upon the
question of the time when interest should begin to run.
The majority of the court hold that it should from the time
the St. J. & L. C. R. R. Co. took possession under its
mortgage.   I think it should from the time the land was
taken.   The Lamoille V. R. R. Co. was organized with
power to take land over which to construct its road.   It did
construct it, taking the orator's land, and began operating
it in 1877.   The land was entered upon and taken in such
manner that the orator, or those whom he now represents,
had no right to recover the land itself; he had an equitable
lien upon it, which could be enforced only in a court of
equity.   (See late cases in this State.)   The St. J. & L. C.
R. R. Co. took the land by virtue of their mortgage from the
L. V. R. R. Co., and, as the court hold, took it subject to
an equitable lien in favor of the land owner.   The court say
in the majority opinion:

"This company included in its possession and use the
land in question.   It never had any right to this land or to
the use of it, because the railroad mortgage, which was
prior to the possession of the land by the former company,
conveyed no interest in it.   This company simply took and
used the land for railroad purposes, without right, and be-
came liable therefor."

Admitting that the mortgage was prior to the possession
of the land, it does not necessarily follow, that the mort-
gagee company took no interest in the land.   The road bed

*See same case *ante*, 240.

Adams *v.* Railroad Companies.

of the Lamoille Co. was mortgaged to the St. J. Co., or rather the trustees from whom it derives title, and that part of the road bed, subsequently acquired, would enure to the benefit of the latter company. The fact is they did take an interest in the land; and it is common sense to say that they took it subject to the burden which the law had already imposed upon it; and as was held in *Kittell* v. *R. R. Co.,* 56 Vt. 96, "were chargeable with notice of the equitable lien resting upon the land"; and to say that they should be relieved from payment of the whole burden seems to me "gross legal heresy." In the latter case the orators were held entitled to interest from "the date of entry upon the land"; and, although the mortgage in that case was executed after the original company had commenced constructing the road, that fact cannot, as I think, alter the rule; for if the mortgagee of land takes no possession of it he is under no liability in respect to it. The gist of the matter is, the party took the land upon which rested an equitable burden, and he should remove the burden *in full,* not *in part.* The court evidently are in error when they say that this company defending, did not become the owner of the land *indirectly through the mortgage.* I think they became so *directly* through the mortgage, if not directly they certainly did indirectly. To hold that the orator should lose a part of his claim seems to me committing gross injustice, besides aiding a road, which, judging from the records of this court, was constructed to a great extent by force of might, and the power of injunctions.